[No. B068524. Second Dist., Div. Four. Nov. 19, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MOISES O. JARAMILLO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Factual and Procedural Summary and parts I and III.

**COUNSEL**

Kathy M. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, Acting P. J.**—Moises O. Jaramillo appeals from his conviction of first degree murder. He claims his trial counsel rendered ineffective assistance by "opening the door" to evidence of premeditation. He challenges the constitutional validity of CALJIC No. 2.90, the standard jury instruction on reasonable doubt, in light of the United States Supreme Court's grant of certiorari on that issue in *People* v. *Sandoval* (1992) 4 Cal.4th 155 [14 Cal.Rptr.2d 342, 841 P.2d 862]. Finally, he seeks a remand for resentencing because the trial court failed to state reasons for its selection of the upper term for the gun use enhancement. In the published portion of this case, we follow existing California Supreme Court law approving the reasonable doubt instruction given in this case. In the unpublished portion of this case, we conclude that the record does not support appellant's claim of ineffective assistance of counsel, but that the matter must be remanded for resentencing on the gun use enhancement because the trial court failed to state reasons for its sentencing choice of the upper term.

FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I

*Ineffective Assistance of Counsel**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

*Reasonable Doubt Instruction*

■ By supplemental brief filed with permission of the court, appellant claims he was deprived of due process by those portions of CALJIC No. 2.90 which define reasonable doubt with reference to "moral evidence" and "moral certainty." CALJIC No. 2.90, as given in this case, provides in pertinent part: "Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

Appellant argues this instruction diluted the prosecution's constitutionally imposed burden of proving the charges beyond a reasonable doubt, and that it led the jury to believe it could rely on subjective, ethical concerns rather than the facts of the case before it. On September 28, 1993, the United States Supreme Court granted certiorari on this issue in *Sandoval* v. *California* (1993) __ U.S. __ [125 L.Ed.2d 789, 114 S.Ct. 40].

We understand that it is appellant's desire to make a proper record in order to preserve this issue for later review, should the *Sandoval* case be resolved favorably to his position. Under *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], we must and we do follow the resolution of the issue by the California Supreme Court. That court has consistently upheld the constitutionality of CALJIC No. 2.90 on the grounds asserted here and on similar grounds. (See *People* v.

*See footnote, *ante*, page 196.

*Sims* (1993) 5 Cal.4th 405, 457 [20 Cal.Rptr.2d 537, 853 P.2d 992]; *People v. Noguera* (1992) 4 Cal.4th 599, 633-634 [15 Cal.Rptr.2d 400, 842 P.2d 1160]; *People* v. *Johnson* (1992) 3 Cal.4th 1183, 1234 [14 Cal.Rptr.2d 702, 842 P.2d 1]; *People* v. *Jennings* (1991) 53 Cal.3d 334, 385-386 [279 Cal.Rptr. 780, 807 P.2d 1009].) We therefore reject appellant's challenge to the instruction.

## III

### *Reasons for Sentencing Choice**

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The cause is remanded for resentencing; in all other respects, the judgment is affirmed.

Vogel (C. S.), J., and Hastings, J., concurred.

A petition for a rehearing was denied December 20, 1993, and appellant's petition for review by the Supreme Court was denied February 23, 1994.

---

*See footnote, *ante*, page 196.